[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15084
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-219-545 & A95-219-547

MARGARITA SALDARRIAGA,
JORGE EDUARDO VARGAS BAEZ,
SERGIO ARTURO VARGAS SALDARRIAGA,

                    Petitioners,

    versus

U.S. ATTORNEY GENERAL,

                    Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(April 12, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

    Petitioners Margarita Saldarriaga ("Saldarriaga"), Jorge Eduardo Vargas

Baez ("Jorge"), and Sergio Arturo Vargas Saldarriaga ("Sergio") (collectively

"petitioners"), all citizens of Colombia, through counsel, petition this court for review of the Board of Immigration Appeals' ("BIA's") order affirming without opinion the immigration judge's ("IJ's") decision to deny their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] The petitioners argue that the IJ erred in determining that Saldarriaga did not suffer past persecution or the threat of future persecution based on six threats that she received from being a member of the Liberal Party, including a threat from a man who identified himself as a member of the National Liberation Army ("ELN"). The petitioners argue that the IJ erred in applying a standard of "physical mistreatment" or "harm" to establish past persecution and in finding that there was no correlation between Saldarriaga's political activities and the guerrillas. The petitioners further argue that the IJ erred in determining that Saldarriaga could relocate in Colombia and in finding that Saldarriaga was not credible.

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making the IJ's decision the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4)(ii); *Mendoza v. U.S. Att'y*

---

[1] The petitioners do not challenge in this court the denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), and, thus, this issue is abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d. 1226, 1228 n.2 (11th Cir. 2005).

*Gen.*, 327 F.3d 1283, 1284 n.1. (11th Cir. 2003). To the extent that the IJ's decision was based on a legal determination, review is *de novo*. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). However, we examine factual findings under the substantial evidence test. *Id.* at 817-18. Under this highly deferential standard of review, the IJ's decision must be deferred to if supported by substantial evidence, unless the evidence "compels" a reasonable factfinder to find otherwise. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992). Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 2245 (2005); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

We also review credibility determinations under the substantial evidence test.[2] *Ruiz v. U.S. Att'y Gen.*, No. 05-13987, ___ F.3d __ (11th Cir. Jan. 4, 2006).

---

[2] The REAL ID Act of 2005 amended credibility determinations, adding INA §§ 208(b)(3)(B)(iii), 240(c)(4)(C), 8 U.S.C. §§ 1158(b)(3)(B)(iii), 1229a(c)(4)(C). Section 101(a)(3) and (d), Pub. L. No. 109-13, 119 Stat. 231, 303, 304-05. The Act states that these provisions "shall apply to applications for asylum, withholding, or other relief from removal made on or after" the date of enactment of the act, May 11, 2005, and, thus, the provisions do not affect this appeal. Pub. L. No. 109-13, 119 Stat. at 305.

The trier of fact determines credibility under this test, and this court "may not substitute its judgment for that of the [IJ] with respect to credibility findings." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). Furthermore,

> [T]he IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

*Id.* at 1287 (citations and quotations omitted).

Any alien who arrives in or is present in the United States may apply for asylum, which the Secretary of Homeland Security or the Attorney General ("AG") has discretion to grant if the alien is a "refugee" as defined in 8 U.S.C. § 1101(a)(42)(A). *See* INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A), as amended by the REAL ID Act § 101(c), Pub. L. No. 109-13, 119 Stat. 231, 302 (2005); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). That statute defines a "refugee" as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution **on account of** race, religion, nationality, membership in a particular social group, or **political opinion** . . . .

8 U.S.C. § 1101(a)(42)(A) (emphasis added).  The asylum applicants carry the burden of proving statutory "refugee" status and thereby establishing asylum eligibility.  8 C.F.R. § 208.13(a); *D-Muhumed*, 388 F.3d at 818.

"To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with credible evidence, establish (1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)).  Absent corroborating evidence, the applicant's testimony, "if credible, may be sufficient to sustain the burden of proof."  8 C.F.R. § 208.13(a).

Neither the INA nor the regulations define "persecution."  We have stated, however, that "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotations omitted).  To be an act of persecution, the behavior must threaten death, punishment, or the infliction of substantial harm or suffering. *See Sharif v. INS*, 87 F.3d 932, 935 (7th Cir. 1996).  "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v.*

5

*Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." *Nelson v. INS*, 232 F.3d 258, 263-64 (1st Cir. 2000) (citing various cases regarding past persecution and finding that three episodes of solitary confinement accompanied by physical abuse did not constitute persecution).

"A showing of past persecution creates a presumption of a 'well-founded fear,' subject to rebuttal by the INS." *Sepulveda*, 401 F.3d at 1231 (citing 8 C.F.R § 208.13(b)(1)). If, however, the alien does not establish past persecution, she bears the burden of demonstrating a well-founded fear of persecution by showing that (1) she fears persecution based on her political opinion or other statutorily listed factor; (2) there is a reasonable possibility she will suffer persecution if removed to her native country; and (3) she could not avoid persecution by relocating to another part of her country, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.13(b)(2), (3)(i); *see also Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1327 (11th Cir. 2001) (holding that the petitioner must show that she could not avoid persecution by relocating to another part of her country if it was possible).

To establish eligibility for withholding of removal under the INA, the alien must show that it is more likely than not that, if she returned to her country, her life or freedom would be threatened because of one of the five covered grounds.

6

*Sepulveda*, 401 F.3d at 1232. Where an applicant fails to establish a claim of asylum on the merits, her other claims for withholding of removal under the INA generally fail. *Forgue*, 401 F.3d at 1288 n.4.

Here, the record demonstrates that the IJ provided specific, cogent reasons for finding Saldarriaga not credible, specifically listing several facets of Saldarriaga's story that the IJ found incredible, and which were supported by substantial evidence. Thus, a reasonable factfinder would not be compelled to reach a conclusion different than the IJ. *Forgue*, 401 F.3d at 1287. In addition, even if Saldarriaga was credible, she was not eligible for asylum because substantial evidence supports the IJ's finding that Saldarriaga neither has suffered past persecution nor has a well-founded fear of future persecution because, while the events that Saldarriaga described may have been unpleasant, they amount more to isolated incidents of verbal harassment or intimidation, which is not persecution. *See Sepulveda*, 401 F.3d at 1231. Further, Saldarriaga cannot establish a fear of future persecution because she has not shown that there is a reasonable possibility that she will suffer persecution if removed to Colombia or that she could not avoid persecution by relocating to another part of that country. *See* 8 C.F.R. § 208.13(b)(2), (3)(i). Because the petitioners failed to establish a claim of asylum, their petition for withholding of removal under the INA also fail, as it requires a more stringent standard to be satisfied. *See Forgue*, 401 F.3d at 1288 n.4.

7

For the above-stated reasons, we deny the Petition for Review.

**PETITION DENIED.**